UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| GLEN STEWART | * | CIVIL ACTION |
| | * | |
| | * | DOCKET NO. 3:21-cv-03789 |
| VERSUS | * | |
| | * | JUDGE TERRY A. DOUGHTY |
| | * | |
| CALEB LOFTIN, ET AL. | * | MAGISTRATE JUDGE KAYLA D. MCCLUSKY |

*****************************************************************************

### REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY PENDING THRESHOLD DETERMINATION OF SOVEREIGN IMMUNITY

Colonel Robert Hodges (the current Superintendent of Louisiana State Police and the successor to retired Colonel Lamar Davis, the former Superintendent of Louisiana State Police) ("Colonel Hodges")[1] submits this reply memorandum in support of his motion to stay discovery pending the Court's disposition of the *Rule 12(b) Motion to Dismiss Plaintiff's Claims Against Colonel Lamar Davis* [Rec. Doc. 91].[2]

**PRELIMINARY STATEMENT**

The first sentence in the "Introduction" to Plaintiff's opposition brief is misleading in that it suggests that there were multiple LSP troopers who participated in the alleged events described in Plaintiff's complaint. However, Plaintiff has named only a single LSP trooper as a defendant in this proceeding (and described only the purported actions of a single LSP trooper in this lawsuit)

---

[1] Lamar Davis began serving as the 26th Superintendent of Louisiana State Police (LSP) on October 30, 2020, but on January 8, 2024, Colonel Hodges succeeded Lamar Davis as the 27th Superintendent of LSP. See "Home / About / Leadership/Sections / Superintendent," https://www.lsp.org/about/leadershipsections/superintendent/ (last visited 11/19/2024). As the successor to Lamar Davis and pursuant to Fed. R. Civ. P. 25(d), Colonel Hodges "is automatically substituted as a party." Hence, this reply brief is brought in Colonel Hodges' name.

[2] Admittedly, the pending *Rule 12(b) Motion to Dismiss Plaintiff's Claims Against Colonel Lamar Davis* [Rec. Doc. 91] should have been entitled "*Rule 12(b) Motion to Dismiss Plaintiff's Claims Against Colonel Robert Hodges*" and should have been presented on behalf of Colonel Hodges because it was filed after Lamar Davis retired from LSP and after Colonel Hodges became the Superintendent of LSP. Nevertheless, Fed. R. Civ. P. 25(d) allows for such a misnomer to be disregarded.

despite filing multiple iterations of his complaint with the court during the three years since commencement of this action.

Having set the aforementioned scene (for an occurrence described differently than the one detailed in his complaint), Plaintiff contends in the very next sentence of his opposition that his constitutional rights "continue to be violated" by LSP Superintendent Hodges. Yet Plaintiff has not recounted in a single court filing any act whatsoever by Colonel Hodges which would constitute an ongoing constitutional violation for which declaratory and/or injunctive relief would be warranted despite having amended his complaint just five months ago (and well after Colonel Hodges succeeded Lamar Davis as Superintendent of LSP).

Transitioning to the procedural background of the case, Plaintiff goes on to state that he propounded discovery to then-Superintendent Davis on March 30, 2022 (requests for production) and on April 26, 2022 (interrogatories). But Plaintiff neglects to state that when his referenced discovery was propounded: (1) then-Superintendent Davis had a pending (and fully briefed) Rule 12(b) motion to dismiss (rooted in sovereign immunity) awaiting disposition by the Court, and (2) the defendants had a pending joint motion to stay the case (including all discovery efforts)[3] – the

---

[3] By the time Plaintiff's referenced discovery was propounded, Defendants had on file with the Court a joint motion (and supporting memorandum) to stay the proceedings [rec. Doc. 33], and Plaintiff had on file with the Court his opposition thereto [Rec. Doc. 46]. Defendants' joint reply brief [Rec. Doc. 55] was filed between receipt of Plaintiff's March 30, 2022 requests for production and receipt of Plaintiff's April 26, 2022 interrogatories. In short, Plaintiff's requests for production were propounded *after* Defendants' joint motion to stay had been partially (but not fully) briefed, whereas Plaintiff's interrogatories were propounded *after* the Defendants' joint motion to stay was fully briefed and awaiting disposition by the Court. Moreover, then-Superintendent Davis provided answers and objections to Plaintiff's April 26, 2022 interrogatories within the time delays allowed by law.

With respect to his March 30, 2022 requests for production, Plaintiff has insisted since May 4, 2022 – the day on which responses on behalf of then-Superintendent Davis were provided – that objections to that discovery were waived because they were furnished a day or two after they were due. Important to note (insofar as the court may consider the reason for untimely production in assessing a purported waiver of objections to the discovery) but conveniently not attached to Plaintiff's opposition Exhibit No. 4 [Rec. Doc. 115-1, pp. 51-60] was the transmittal letter for Colonel Davis' discovery responses wherein it was disclosed that undersigned counsel had been attending to her mother related to a recent hospitalization and therefore had to call upon another lawyer within her firm to assist when the discovery became due. **Exhibit 1** – May 4, 2022 transmittal email and corresponding/attached letter. *See Cheshire v. Air Methods Corp*, No. 3:15CV933, 2015 WL 7736649, at *3 (W.D. La. Nov. 30, 2015) ("Given the record, the court finds that Plaintiff's failure to provide timely responses was not so egregious as to merit a waiver of

latter of which was granted on June 15, 2022 [Rec. Doc. 66], resulting in an immediate stay of the case. Consequently, there was no need for then-Superintendent Davis to participate in discovery. In fact, the Court's order related to the stay expressly acknowledged Fifth Circuit jurisprudence disallowing discovery in a civil case during the pendency of a criminal prosecution:

> A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.[4]

## LAW & ARGUMENT

Plaintiff essentially argues in opposition to Colonel Hodges' motion to stay discovery that: (1) Colonel Hodges' belief that he will prevail on the pending Rule 12(b) motion is not reason enough to stay discovery, and (2) Colonel Hodges has failed to demonstrate that the discovery is burdensome, harassing, oppressive, etc. and therefore lacks "good cause" for the requested stay. To support his position, Plaintiff cites numerous cases in his opposition brief which stand for those very general propositions. Nevertheless, Plaintiff does not call the Court's attention to a single case wherein the court denied a motion to stay rooted in a pending sovereign immunity defense (and prompted by a corresponding and pending Rule 12(b) motion to dismiss). In fact, most of the cases cited by Plaintiff in his opposition did not involve pending motions to dismiss rooted in a sovereign (or other) immunity defense.[5]

---

all objections. Plaintiff provided responses to Defendant's written discovery within 7 days of the deadline. . . . There is no support in the record that Plaintiff's late assertion of these objections has been made in bad faith or with dilatory intent. For all of these reasons, the Court exercises its discretion to find that these objections have not been waived.").

[4] Rec. Doc. 66, p. 9 of 10 (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)).

[5] Plaintiff's reliance on the cases cited in his opposition brief is misplaced, for they either: (1) are factually distinguishable and not dispositive of the issue to be decided in this case, or (2) bolster Colonel Hodges' assertion that a stay of discovery is in order due to his pending immunity-based motion to dismiss:

- In *AIG Specialty Ins. Co. v. Agee*, No. CV 22-5410, 2023 WL 5565063 (E.D. La. Aug. 29, 2023), the pleading pending before the court (when the motion to stay discovery was filed) was a declaratory judgment related to insurance coverage, not an immunity-based Rule 12(b) motion.

Moreover, Plaintiff has failed to articulate why this case warrants a different result from *Collins v. Texas Dep't of Fam. & Protective Servs.*, No. 1:20-CV-367-LY, 2021 WL 38192 (W.D. Tex. Jan. 5, 2021) (finding good cause for a stay of discovery due to the existence of the threshold

- In *Dow Constr., LLC v. BPX Operating Co.*, No. 5:20-CV-00009, 2022 WL 18142523 (W.D. La. Mar. 10, 2022), the court was faced with a motion to stay discovery filed by a party whose motion to dismiss (not rooted in an immunity defense) already had been denied by the court.
- In *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482 (N.D. Tex. July 23, 2008), the court declined to stay discovery because the magistrate judge could not predict the outcome of the pending motion to dismiss (which was not grounded in any particular immunity defense) and more specifically, because the magistrate judge could not say with any degree of certainty that the defendant would prevail on its Rule 12(b) motion.
- In *Imani v. City of Baton Rouge*, No. CV 17-439-JWD-EWD, 2018 WL 2208221 (M.D. La. May 14, 2018), the magistrate judge rejected the plaintiff's generalized legal arguments related to stay orders pending resolution of motions to dismiss and stayed discovery based on clear Fifth Circuit jurisprudence providing for a stay due to the assertion of a qualified immunity defense.
- In *In re Terra Int'l, Inc.*, 134 F.3d 302 (5th Cir. 1998), the court was presented with requests for a writ of mandamus and for sequestration, not a motion to stay prompted by a pending motion to dismiss grounded in immunity.
- In *Jones v. Westlake US 2 LLC*, No. 2:23-CV-01311, 2024 WL 58179 (W.D. La. Jan. 3, 2024), the court was presented with a motion to stay discovery due to the pendency of a motion to strike a putative class and to dismiss the complaint. Because standing of the parties and thus, the subject matter jurisdiction of the court were at issue, the court granted the motion to stay discovery.
- In *Landis v. N. Am. Co.*, 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936), the court was presented with a motion to stay the litigation (not a motion to stay discovery) until the validity of a particular Act (which also was at issue in a parallel proceeding) was determined by the Supreme Court of the United States.
- In *McKnight v. Blanchard*, 667 F.2d 477 (5th Cir. 1982), the court reversed an order staying the entire litigation (not just discovery) because the stay was indefinite and had the potential to last for seven or more years (while plaintiff served a multi-year prison sentence).
- In *Notariano v. Tangipahoa Par. Sch. Bd.*, No. CV 16-17832, 2018 WL 3844882 (E.D. La. Aug. 13, 2018), the magistrate judge stayed all discovery related to two defendants pending the court's disposition of their pending motions to dismiss rooted in a qualified immunity defense.
- In *Ohio Cas. Ins. Co. v. Gre3n, LLC*, No. CV 24-22-JWD-SDJ, 2024 WL 3205377 (M.D. La. June 27, 2024), the magistrate judge stayed discovery because he: (1) found that no party would be prejudiced, and (2) recognized that if the pending motion to dismiss were granted, three of four defendants in the case would be dismissed and only one claim would remain against a single defendant, resulting in a significant narrowing of the scope of the litigation and discovery.
- In *Sneed v. Abbot*, No. CV 21-279-JWD-RLB, 2021 WL 2877239 (M.D. La. June 29, 2021), the motion to stay discovery was tied to a pending motion to dismiss wherein neither sovereign nor qualified immunity was asserted.
- In *United States v. Garrett*, 571 F.2d 1323 (5th Cir. 1978), the court was called upon to review a motion for a protective order which would bar all prehearing discovery in a summary proceeding to enforce IRS summonses.
- In *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142 (N.D. Tex. May 20, 2004), the magistrate judge stayed discovery (even though he could not predict the outcome of the defendants' motion to dismiss) because a cursory review of the motion revealed that the defendants had substantial arguments for dismissal of many, if not all, of plaintiff's claims.
- In *X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 1895255 (N.D. Tex. Apr. 26, 2024), the judge found that the defendants failed to establish good cause for a stay of discovery (prompted by a motion to dismiss rooted in personal jurisdiction and venue) because even if the defendants' motion to dismiss were granted, the litigation would not come to an end.

question of whether the plaintiff's claims were barred by immunity) and/or *Stamps v. Univ. of Texas at Austin*, No. 1:20-CV-01204-LV-SH, 2021 WL 5167296 (W.D. Tex. Nov. 4, 2021) (finding good cause to stay discovery because defendants raised the defense of sovereign immunity (and qualified immunity) in their pending motion to dismiss).[6]  Plaintiff likewise has failed to

---

[6] The Western District of Texas (citing *Stamps*) has stayed discovery in at least a couple of reported cases since *Stamps* was decided in 2021. *See Serafine v. Abbott*, No. 1:20-CV-1249-RP-SH, 2021 WL 5908618, at *2–3 (W.D. Tex. Dec. 13, 2021) (**emphasis added**):

> Defendants seek to stay discovery until the Court decides the immunity defenses raised in their Motions to Dismiss. **The Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible."** *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). **The Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed."** *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity); *Stamps v. Univ. of Texas at Austin*, No. 1:20-CV-01204-LY-SH, 2021 WL 5167296, at *4 (W.D. Tex. Nov. 4, 2021) (holding that defendants presented good cause to stay discovery where they raised the defenses of qualified immunity and sovereign immunity in motion to dismiss). Defendants have raised the defenses of judicial, qualified, and sovereign immunity in their Motions to Dismiss. Because the Fifth Circuit has stated that discovery should not be permitted until resolution of the threshold question of an immunity defense, Defendants have presented good cause to stay discovery.

*See also Kelton v. Nordstrom, Inc.*, No. 1:23-CV-00395-DII-SH, 2023 WL 5313888, at *2 (W.D. Tex. Aug. 17, 2023) (**emphasis added**):

> The court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). **For example, district courts properly defer discovery while deciding threshold issues of subject matter jurisdiction, such as whether defendants are proper parties to the action**. *Id.* **Stays of discovery also are justified pending resolution of certain immunity issues, such as whether a defendant is entitled to absolute, sovereign, or qualified immunity.** *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("discovery should not be allowed" until threshold qualified immunity question was resolved). The Supreme Court has made clear "that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery.' " *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2 (1987)). Accordingly, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id.* at 232.
>
> The Sunset Valley Defendants raise defenses of judicial, prosecutorial, and qualified immunity in their Motion to Dismiss. Because discovery should not be permitted until these threshold issues are resolved, Defendants have presented good cause to stay discovery. *See Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) ("Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may

convey why this Court should not adhere to concepts espoused in *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174 (5th Cir. 1990) (recognizing that a plaintiff must demonstrate through allegations that he can remove the cloak of an immunity defense before he will be allowed to engage in discovery).[7]

WHEREFORE, Colonel Hodges prays for entry of an order staying discovery in this matter until the Court rules on his pending *Rule 12(b) Motion to Dismiss Plaintiff's Claims Against Colonel Lamar Davis* [Rec. Doc. 91].

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

---

not permit discovery against the immunity-asserting defendants before it rules on their defense."), *petition for cert. filed*, 54 F.4th 307 (April 3, 2023) (No. 22-959); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that **district court acted properly in staying discovery pending resolution of issues of** absolute, qualified, and **sovereign immunity**); *Stamps v. Univ. of Texas at Austin*, No. 1:20-CV-01204-LY-SH, 2021 WL 5167296, at *4 (W.D. Tex. Nov. 4, 2021) (holding that **defendants presented good cause to stay discovery where they raised** defenses of qualified immunity and **sovereign immunity in motion to dismiss**).

Accordingly, the Court **GRANTS** Sunset Valley Defendants' Motion to Abate Discovery . . ..

[7] Since *Nieto* was decided, the Fifth Circuit has relied on it to affirm the stay of discovery in at least one case. *See Wells v. State Atty. Generals of Louisiana*, 469 F. App'x 308, 309–10 (5th Cir. 2012) (**emphasis added**):

With respect to Wells's contention that the district court erroneously refused discovery, there was no error because **discovery generally is not allowed until the resolution of immunity issues in the case**. *See Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir.1990).

        Respectfully Submitted,

        LIZ MURRILL
        Attorney General

BY:   /s/ Jennie P. Pellegrin
       JENNIE P. PELLEGRIN
       LA. BAR ROLL NO. 25207
       jpellegrin@neunerpate.com
       BEN L. MAYEAUX
       LA. BAR ROLL NO. 19042
       bmayeaux@neunerpate.com
       KELSI G. FLORES
       LA. BAR ROLL NO. 40361
       kflores@neunerpate.com
       NEUNERPATE
       One Petroleum Center, Suite 200
       1001 West Pinhook Road
       Lafayette, LA 70503
       TELEPHONE: (337) 237-7000
       FAX: (337) 233-9450
       *Special Assistant Attorneys General and Counsel for Colonel Robert Hodges (the Superintendent of Louisiana State Police and the successor to retired Colonel Lamar Davis, the former Superintendent of Louisiana State Police)*

### CERTIFICATE OF SERVICE

I hereby certify that on Monday, December 30, 2024, a copy of the *Reply to Plaintiff's Opposition to Motion to Stay Discovery Pending Threshold Determination of Sovereign Immunity* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be forwarded to all counsel by operation of the Court's electronic filing system.

        */s/ Jennie P. Pellegrin*
        Counsel