**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| Glen Stewart, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 3:21-CV-03789** |
| v. | § | |
| | § | **JUDGE TERRY A. DOUGHTY** |
| Caleb Loftin, Justin Morris, Doe Officers 1-5, Robert Hodges in his official capacity as the Superintendent of the Louisiana State Police, Gary Gilley in his official capacity as Sheriff of the Richland Parish Sheriff's Office, and Doe Insurance Companies 1-10, | § | |
| | § | **MAGISTRATE JUDGE MCCLUSKY** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF GLEN STEWART'S MOTION TO COMPEL**
**DISCOVERY FROM DEFENDANT JUSTIN MORRIS**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 3

    I.    Mr. Stewart served Mr. Morris with discovery requests seeking relevant information. .......................................................................................... 3

    II.    Mr. Morris failed to amend and supplement his discovery responses in accordance with the Federal Rules of Civil Procedure ................................... 5

LEGAL STANDARD ...................................................................................................... 6

ARGUMENT ................................................................................................................... 8

    I.    Mr. Morris must provide complete responses and documents about the Incident (Rog Nos. 1, 2, 3, and 7; RFP Nos. 1 and 4). ........................................ 8

        A.    Mr. Morris must provide complete narrative responses about the Incident (Rog Nos. 1, 2, 3, and 7). ........................................................ 9

        B.    Mr. Morris must produce documents relating to the Incident underlying Mr. Stewart's claims (RFP Nos. 1 and 4). .......................... 12

    II.    Mr. Morris must produce documents relating to his history of misconduct (RFP Nos. 3 and 5; Rog No. 9). ..................................................... 16

CONCLUSION .............................................................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Akers v. Shaw Env't, Inc.*,
No. CIV.A. 09-1110, 2011 WL 867524 (W.D. La. Mar. 14, 2011) ....................................11

*Betzer v. Stephens*,
No. CIV.A. 03-169, 2003 WL 22175993 (E.D. La. Sept. 19, 2003).....................................17

*Buschmann v. Little Rock Nat'l Airport*,
222 F.R.D. 114 (N.D. Tex. 2004) .........................................................................................13

*Cat 5 Restoration LLC v. State Farm Fire & Cas. Co.*,
No. 22-CV-05827, 2024 WL 5096490 (W.D. La. Dec. 12, 2024) ..........................................7

*Chet Morrison Contractors, Inc. v. Medco Energi US LLC*,
No. CV 08-1638, 2009 WL 10680200 (E.D. La. Aug. 17, 2009) .............................14, 15, 19

*Crosby v. La. Health Serv. & Indem. Co.*,
647 F.3d 258 (5th Cir. 2011) ...........................................................................................7, 10

*Detiege v. Jackson*,
No. CV 23-0175, 2024 WL 4884414 (W.D. La. Nov. 25, 2024)............................................7

*Dixon v. Spurlin*,
No. 18-CV-00133, 2020 WL 6707325 (W.D. La. Nov. 13 2020) ........................................17

*Duarte v. St. Paul Fire & Marine Ins.*,
No. 14-CV-305, 2015 WL 7709433 (W.D. Tex. Sept. 25, 2015) .........................................20

*Edwards v. City of Bossier City*,
No. CV 15-1822, 2016 WL 3951216 (W.D. La. July 20, 2016) .....................................14, 18

*Estate of Monroe v. Bottle Rock Power Corp.*,
No. 03–2682, 2004 WL 737463 (E.D. La. Apr. 2, 2004)....................................14, 15, 16, 18

*First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*,
No. 15-CV-638, 2017 WL 2267149 (E.D. La. May 24, 2017).................................15, 19, 20

*Gutierrez v. Benavides*,
292 F.R.D. 401 (S.D. Tex. 2013) .........................................................................................18

*Hinson v. Arbuckle*,
No. 17-CV-00260, 2023 WL 1495402 (W.D. La. Jan. 17, 2023) .........................................14

*Hume v. Consol. Grain & Barge, Inc.*,
  No. CV 15-935, 2016 WL 7385699 (E.D. La. Dec. 21, 2016) .............................................20

*Hunters Run Gun Club, LLC v. Baker*,
  No. CV 17-176, 2019 WL 507479 (M.D. La. Feb. 7, 2019) ...........................................7, 14

*Iraheta v. Equifax Info. Servs., L.L.C.*,
  No. CV 17-1363, 2019 WL 13292761 (W.D. La. Feb. 22, 2019) ...........................10, 12, 21

*Lawrence v. Rocktenn CP L.L.C.*,
  No. CV 16-821, 2017 WL 2951624 (W.D. La. Apr. 19, 2017) .......................................13, 21

*Lee v. City of Midland*,
  No. 22-CV-0185, 2024 WL 4005960 (W.D. Tex. Jan. 22, 2024) ...............................9, 13, 14

*Major v. City of Baton Rouge/Par. of E. Baton Rouge*,
  No. CIV.A. 09-261, 2010 WL 1979431 (M.D. La. May 12, 2010) ......................................17

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
  894 F.2d 1482 (5th Cir. 1990) ....................................................................................10, 17

*Olivarez v. GEO Grp.*,
  844 F.3d 200 (5th Cir. 2016) .................................................................................................13

*Palir v. Lab'y Corp. of Am.*,
  No. CV 19-00037, 2019 WL 13171953 (W.D. La. Dec. 13, 2019)..........................................8

*Smith v. JP Morgan Chase*,
  No. CIV.A. 09-0168, 2011 WL 31040 (W.D. La. Jan. 5, 2011) ..............................................8

*Somerset Marine, Inc. v. Briese Schiffahrts GMBH & Co.*,
  No. CIV.A. 01-01881, 2002 WL 1933723 (E.D. La. Aug. 21, 2002)...........................16, 19

*Terral v. Ducote*,
  No. CV 15-2366, 2016 WL 5017328 (W.D. La. Sept. 19, 2016).............................10, 17, 21

*Tyner v. City of Jackson*,
  105 F.R.D. 564 (S.D. Miss. 1985) .....................................................................................9, 14

*Weems v. Hodnett*,
  No. 10-CV-1452, 2011 WL 3100554 (W.D. La. July 25, 2011).........................8, 12, 13, 21

*Williams v. Gunderson Rail Servs., LLC*,
  No. CIV. A. 07-0887, 2008 WL 145251 (W.D. La. Jan. 14, 2008) ......................................13

*Wymore v. Nail*,
  No. 14-CV-3493, 2016 WL 1452437 (W.D. La. Apr. 13, 2016) ..........................................17

**STATUTES**

42 U.S.C. § 1983 ...................................................................................................................18

**RULES**

Fed. R. Civ. P. 26.........................................................................................................7, 8, 17

Fed. R. Civ. P. 33.........................................................................................................7, 8, 10

Fed. R. Civ. P. 34...........................................................................................................*passim*

Fed. R. Civ. P. 37....................................................................................................................7

**OTHER AUTHORITIES**

*See Investigation of Louisiana State Police*, U.S. Dep't of Just. C.R. Div. & U.S.
    Attys' Offices E., Middle & W. Dists. of La. (Jan. 16, 2025),
    https://www.justice.gov/crt/media/1384626/dl...........................................................2

Plaintiff Glen Stewart ("Mr. Stewart" or "Plaintiff") respectfully requests that the Court compel Defendant Justin Morris ("Mr. Morris" or "Defendant") to produce responsive documents and provide complete answers in response to Plaintiff's First Set of Requests for Production of Documents and Interrogatories.

## INTRODUCTION

The instant motion arises from Defendant's refusal to sufficiently respond to Plaintiff's document and interrogatory requests concerning (1) the incident that occurred the night of November 7, 2020 and into the morning of November 8, 2020 (the "Incident"); and (2) Defendant Morris's history of misconduct with the Louisiana State Police ("LSP"). On May 2, 2022 and May 26, 2022, respectively, Mr. Stewart served Mr. Morris with his First Set of Requests for Production of Documents ("RFPs") and First Set of Interrogatories ("Rogs"). In particular, Plaintiff seeks an order compelling Mr. Morris to provide the following two categories of documents and information:

- Narrative responses about the Incident and documents relating to it (Rog Nos. 1, 2, 3, and 7; RFP Nos. 1 and 4); and
- Documents relating to Mr. Morris's history of misconduct (RFP Nos. 3 and 5, Rog No. 9).

Prior to the June 2022 stay of this case, Mr. Morris had provided only minimal and incomplete responses to the above requests. Ex. 3 (Morris's Responses to First Set of RFPs); Ex. 4 (Morris's Responses to First Set of Rogs). Though the Court lifted the stay over six months ago (on July 8, 2024), Mr. Morris has failed to supplement these responses to provide proper discovery. Instead, he continues to raise meritless, conclusory objections

without explaining their bases.[1] Despite Mr. Morris's counsel's agreement at a meet and confer to supplement discovery responses by December 13, 2024, no supplemental responses were provided until December 23, 2024. *See, e.g.*, Ex. 6 (November 25, 2024 Email from A. Glickman to M. Moroux memorializing meet and confer and agreed supplementation deadline of December 13, 2024); Ex. 7 (December 12, 2024 Email from A. Glickman to M. Moroux requesting confirmation of what additional documents would be produced, in light of Mr. Morris's requested extension of supplementation deadline); Exs. 8–9 (Supplemental Responses to RFPs and Rogs missing supplemental information agreed upon during meet and confer).

But those responses were "supplemental" in name only and only as to RFP No. 4 and Rog No. 3. Exs. 8–9. At this juncture, Mr. Morris and LSP have stonewalled Mr. Stewart from gathering evidence about the violent and racially-motivated attack against Mr. Stewart on November 7, 2020, as well as Mr. Morris's prior misconduct. It is telling that the Department of Justice recently issued an investigative report (the "DOJ Report") about the ongoing, statewide pattern or practice of using excessive force, including by LSP's Troop F where Mr. Morris is assigned.[2] *See* Compl. ¶ 8 (Dkt. No. 81).

Plaintiff now seeks relief from the Court because Mr. Morris's refusal to engage in discovery has hindered Mr. Stewart's ability to pursue his claims of (1) excessive force,

---

[1] Mr. Stewart moves now to compel Mr. Morris's compliance with certain of the RFPs and Rogs issued to Mr. Morris in 2022. Mr. Stewart in no way waives, and hereby reserves, his right to move to compel Mr. Morris's compliance with the remaining RFPs and Rogs served on Mr. Morris to which Mr. Morris has not provided complete responses or documents.

[2] *See Investigation of Louisiana State Police*, U.S. Dep't of Just. C.R. Div. & U.S. Attys' Offices E., Middle & W. Dists. of La. (Jan. 16, 2025), https://www.justice.gov/crt/media/1384626/dl, at 1 ("As our civil pattern or practice investigation revealed, these failures were not isolated, but part of a larger pattern or practice of law enforcement conduct that deprives people in Louisiana of their rights under the Constitution.").

(2) failure to intervene in use of excessive force, (3) deliberate indifference to medical needs, (4) battery, (5) assault, and (6) intentional infliction of emotional distress.

Mr. Stewart respectfully requests that the Court grant this motion and enter the Proposed Order compelling Mr. Morris to produce relevant, responsive, non-privileged documents and provide complete answers to RFP Nos. 1 and 3-5 and Rog Nos. 1-3, 7, and 9 within seven days of entering such order, so that Mr. Stewart may adequately pursue his case.

## FACTUAL BACKGROUND

### I.    Mr. Stewart served Mr. Morris with discovery requests seeking relevant information.

Mr. Stewart served Mr. Morris with RFPs on May 2, 2022 (Ex. 1) and Rogs on May 26, 2022 (Ex. 2). Those requests seek documents and information that go to the core of Mr. Stewart's claims—excessive force; failure to intervene in the use of excessive force; deliberate indifference to medical needs; battery; assault; and intentional infliction of emotional distress. The discovery requests addressed in this motion can be grouped into two categories:

| Categories of Documents and Information | Discovery Request Nos. |
|---|---|
| Narrative responses about the Incident and documents relating to the Incident | **Rog No. 1:** Identify each and every person who You know or believe has knowledge concerning any of the facts alleged in the Complaint; and for each person identified, describe the factual knowledge the person has and how You became aware that the person has such knowledge."<br><br>**Rog No. 2:** Identify each and every person, including Defendants, who was present at Mr. Stewart's home during the Incident on or around November 7-8, 2020 and identify when that person arrived and left Mr. Stewart's home. |

| | |
|---|---|
| | **Rog No. 3:** For all persons identified in Interrogatory No. 2, describe their roles in the Incident, including what actions the person took; whether the person searched Mr. Stewart's vehicles during the Incident; whether the person tased, physically beat, handcuffed, and/or otherwise touched Mr. Stewart on or around November 7-8, 2020; and the person's reason for taking such action.<br><br>**Rog No. 7:** Describe in detail each and every action You took at the home of Mr. Stewart on or about November 7-8, 2020, including the time period and circumstances surrounding such action, any other persons involved in such action, and the reason for taking such action.<br><br>**RFP No. 1:** Video and/or audio recordings in Your possession concerning the Incident, including video footage from body-worn cameras, squad car cameras, mobile devices, pole cameras, and security cameras in the vicinity of the Incident, and all other Documents concerning such recordings, including any steps taken by You or any other Defendants to obtain a copy of any such recording."<br><br>**RFP No. 4:** Without regard to the Relevant Time Period, all Documents concerning Mr. Stewart or the Incident, including any text messages, online chats, or other messages you sent or received concerning the Incident, whether before, during, or after the Incident, and any memo books used by you, arrest reports, line of injury reports, and other formal or informal paperwork, whether handwritten or typed |
| Documents relating to Mr. Morris's history of misconduct | **RFP No. 3:** Without regard to the Relevant Time Period, all Documents concerning any LSP departmental investigations concerning You initiated within the past 10 years.<br><br>**RFP No. 5:** Without regard to the Relevant Time Period, all Documents concerning any claims (whether formal or informal) made against You for excessive force and failure to intervene in use of excessive force; deliberate indifference to medical needs; battery; assault; intentional infliction of emotional distress; unreasonable |

| | seizure concerning a traffic stop; illegal search; or other tortious or wrongful conduct, including any claims alleging a violation of 42 U.S.C. § 1983 or any other federal or state civil rights statute or a violation of the U.S. or Louisiana Constitutions.<br><br>**Rog No. 9:** Identify each and every disciplinary action taken against You by the LSP or by any other policing entity. For each disciplinary action, identify the employer, the date of the disciplinary action, the reason for the disciplinary action, and the consequences to your employment stemming from the disciplinary action, and all documents concerning such disciplinary action. |
|---|---|

## II.  Mr. Morris failed to amend and supplement his discovery responses in accordance with the Federal Rules of Civil Procedure.

Despite Mr. Stewart's consistent and good-faith efforts to resolve this matter, Mr. Morris continues to improperly withhold documents and provide deficient responses. Having not received complete responses to his RFPs and Rogs, after the stay was lifted, Mr. Stewart served Mr. Morris with a deficiency letter on October 31, 2024, outlining Defendant's improper objections and failure to provide complete responses to the RFPs and Rogs at issue here. Declaration of Ariel B. Glickman ("Decl.") ¶ 6, Ex. 5. The parties held a meet and confer on November 25, 2024 to discuss the deficiencies. Glickman Decl. ¶ 7.

During the meet and confer, counsel for Mr. Morris refused to provide a legal basis for his failure to completely respond to an RFP or Rog. *Id.* What's more, Mr. Morris's counsel incorrectly claimed that Mr. Morris did not have a duty to supplement his responses to Mr. Stewart's discovery requests. *Id.* Mr. Morris's counsel ultimately agreed to supplement the responses to Rogs Nos. 1-3 and RFP Nos. 4-5 and to identify whether any documents were being withheld on the basis of any objections, per Federal Rule of Civil Procedure 34(b)(2)(C), by December 13, 2024. *Id.* ¶¶ 9–10, Ex. 6. Mr. Morris's counsel also

agreed to verify with Mr. Morris that the responses to Mr. Stewart's discovery requests included all relevant information (*e.g.*, communications) that was created since the responses were served in May 2022. Glickman Decl. ¶ 10, Ex. 6.

No supplemental responses were provided until December 23, 2024, and those responses did not actually supplement anything as to RFP No. 4 and Rog No. 3—let alone the RFPs and Rogs that Mr. Morris had agreed to supplement during the meet and confer. Glickman Decl. ¶¶ 10–13, Exs. 6–9. Mr. Morris did not produce any new documents, including in response to requests—specifically, RFP No. 4—that he had previously stated in 2022 he would supplement "upon receipt" of the information requested. Ex. 3. Indeed, while Mr. Morris stated that he "does not have many of the documents/information requested in its [sic] possession and/or under its control," he failed to identify and produce those documents that he *does* have in his possession, custody, or control, or explain why they could not be produced. *See* Ex. 8 at 2. While the supplemental responses repeated the same objections from the initial responses, they did not explain how those objections applied to RFP No. 4 and Rog No. 3. *See id.*; *see also* Exs. 8, 9. Indeed, Mr. Morris's "supplementation" to Rog No. 3 was virtually identical to what he previously served in 2022; the only addition was the statement to "see Answer to Interrogatory No. 2."

## LEGAL STANDARD

Parties may move to compel a discovery response if the opposing party fails to answer an interrogatory submitted under Federal Rule of Civil Procedure 33 or fails to produce a document requested under Federal Rule of Civil Procedure 34. *Cat 5 Restoration LLC v. State Farm Fire & Cas. Co.*, No. 22-CV-05827, 2024 WL 5096490, at *2 (W.D. La. Dec. 12, 2024) (citing Fed. R. Civ. P. 37(a)). "Generally, the scope of discovery is

6

broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (quoting Fed. R. Civ. P. 26(b)(1)). "A discovery request is relevant when the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence." *Id*.

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hunters Run Gun Club, LLC v. Baker*, No. CV 17-176, 2019 WL 507479, at *4 (M.D. La. Feb. 7, 2019). Furthermore, for purposes of Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." *E.g.*, *Cat 5 Restoration LLC*, 2024 WL 5096490, at *2;  *Detiege v. Jackson*, No. CV 23-0175, 2024 WL 4884414, at *3 (W.D. La. Nov. 25, 2024) (citing Fed. R. Civ. P. 37(a)(4)).

The Federal Rules mandate that Mr. Morris respond fully to each discovery request, *see* Fed. R. Civ. P. 33(b)(3), 34(b)(2)(B)), and if necessary, supplement his discovery responses. *See* Fed. R. Civ. P. 26(e)(1) (requiring that a party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect"); *see also, e.g.*, *Smith v. JP Morgan Chase*, No. CIV.A. 09-0168, 2011 WL 31040, at *3 (W.D. La. Jan. 5, 2011) ("[Defendant] enjoys a continuing obligation to supplement any incomplete or incorrect responses."); *Palir v. Lab'y Corp. of Am.*, No. CV 19-00037, 2019 WL 13171953, at *2 (W.D. La. Dec. 13, 2019) (similar).

7

**ARGUMENT**

Mr. Morris's conclusory objections allege that he does not have the requested documents or information in his possession and/or control (RFP Nos. 1 and 3-5), and that the requests are vague, overly broad, and unduly burdensome (RFP Nos. 4-5, Rog Nos. 3 and 9). He makes these objections without stating whether he is withholding any documents as a result of these objections, contrary to the requirements of the Federal Rules. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must . . . *state with specificity* the grounds for objecting to the request, including the reasons." (emphases added)); *see also*, *e.g.*, Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request *must specify* the part and permit inspection of the rest." (emphases added)); Fed. R. Civ. P. 33(b)(4) (requiring objections to be "stated with specificity"); *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 3100554, at *1–2 (W.D. La. July 25, 2011) (holding that a party's general objections were waived where it made "no attempt to show the application of each objection to the particular request"). At bottom, Mr. Morris's boilerplate objections are without merit and inhibit Mr. Stewart from obtaining crucial and relevant evidence relating to his claims.

**I.    Mr. Morris must provide complete responses and documents about the Incident (Rog Nos. 1, 2, 3, and 7; RFP Nos. 1 and 4).**

Mr. Morris' objections to Rog Nos. 1, 2, 3 and 7 (concerning narrative responses about the Incident) and RFP Nos. 1 and 4 (concerning documents relating to the Incident) are inadequate. *See Tyner v. City of Jackson*, 105 F.R.D. 564, 566 (S.D. Miss. 1985) (stating in a suit alleging excessive force against city police officers that "the interests of justice dictate that

the Plaintiff should have an opportunity to review highly relevant matters in an effort to discern whether he has obtained all relevant facts").

### A.    Mr. Morris must provide complete narrative responses about the Incident (Rog Nos. 1, 2, 3, and 7).

Mr. Morris has failed to provide complete responses to Rog Nos. 1, 2, 3, and 7, which seek narrative responses about the people and events involved in the Incident underlying Mr. Stewart's claims. These Rogs seek information directly related to Mr. Stewart's claims including excessive force, battery, and assault because they request (1) those who Mr. Morris *knows* have knowledge of the facts alleged in the Complaint (Rog No. 1); (2) those who were present at Mr. Stewart's home during the Incident (Rog No. 2); (3) the roles of those who were present at Mr. Stewart's home (Rog No. 3); and (4) the actions Mr. Morris took at the home of Mr. Stewart, why those actions were taken, and whether those actions involved anyone else (Rog No. 7). Importantly, these Rogs *only* seek what is within Mr. Morris's *personal knowledge* and, as such, should be produced. *See Lee v. City of Midland*, No. 22-CV-0185, 2024 WL 4005960, at *15 (W.D. Tex. Jan. 22, 2024) (finding plaintiffs' requests satisfied relevance requirement because the discovery sought to provide context for central issues in the case); *see also Crosby*, 647 F.3d at 262 ("A discovery request is relevant when the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence.").

*Rog No. 3*. Mr. Morris provides conclusory objections to Rog No. 3 as "vague, ambiguous, overly broad and burdensome." As an initial matter, Mr. Morris provides no explanation at all regarding how Rog. No. 3—which requests the roles of those present at Mr. Stewart's home during the Incident and the reasons for any actions they took—is overly

broad, unduly burdensome, vague, or ambiguous as required. This is improper and does not comply with Federal Rule Civil Procedure 33(b)(4). *See Terral v. Ducote*, No. CV 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) ("Conclusory objections that the requested discovery is 'overly broad,' 'burdensome,' 'oppressive,' and 'irrelevant,' do not suffice."); *see also, e.g., id.* at *4 n.5 (finding that a "bald statement" that a search would be time-consuming was deficient to show undue burden (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990)); *Iraheta v. Equifax Info. Servs., L.L.C.*, No. CV 17-1363, 2019 WL 13292761, at *2 (W.D. La. Feb. 22, 2019) ("A party objecting to discovery 'must state with specificity the objection and how it relates to the particular request being opposed.'"); *id.* at *3 (ordering defendants to supplement their responses over their undue burden objections because "defendants ma[d]e no effort to detail the processes involved [to produce discovery,] whether they have a searchable database, or other ways to make the search more manageable"); Glickman Decl. ¶ 6, Ex. 5.

Setting these deficiencies aside, Mr. Morris's objections are misguided because Rog. No. 3 seeks relevant and narrowly-tailored information about the Incident underlying Mr. Stewart's claims. For example, Rog No. 3 targets the roles of individuals in the Incident, including those who "tased, physically beat, handcuffed, and or otherwise touched Mr. Stewart[.]" Ex. 2. In response, Mr. Morris merely cites a group of documents with no explanation whatsoever about how they are responsive. Ex. 4; *see also Akers v. Shaw Env't, Inc.*, No. CIV.A. 09-1110, 2011 WL 867524, at *4 (W.D. La. Mar. 14, 2011) (granting motion to compel for violation of Rule 33(d), where the interrogatory response merely pointed to attached or produced documents). Moreover, the cited documents are not responsive, and

at best only indicate that Mr. Morris was present at Mr. Stewart's home and a "Deputy Heisler" — which is ambiguous, as Mr. Morris identified more than one Deputy with the last name of Heisler — transported Mr. Stewart to Franklin Parish Detention Center. They do not provide what role either played and what actions either took. Ex. 5.

*Rog Nos. 2 & 7*. While Mr. Morris provides no objections to Rog Nos. 1, 2, and 7, Mr. Morris cites the same aforementioned group of documents in response to Rog. Nos. 2 and 7, which request those who were present at Mr. Stewart's home during the Incident (Rog No. 2) and relate to Mr. Morris's own actions during the Incident, including the reasons for such actions (Rog No. 7). As it relates to these requests, the cited documents are equally deficient. As with the response to Rog No. 3, they only mention Mr. Morris and a "Deputy Heisler" as being present at Mr. Stewart's home. Moreover, they do not alone confirm that Mr. Morris only knew of one other person present during the Incident, including because the documents do not identify any other LSP trooper (Rog No. 2). While Mr. Morris states that he lacks personal knowledge "of the identity of every person present" and their arrival and departure times, he is required to provide the identities of those who he *knows* were present. Relatedly, the documents only provide a general a description of events that transpired during the Incident but do not provide "each and every action" Mr. Morris took, including when and why and if anyone else was involved (Rog No. 7). Glickman Decl. ¶ 6, Ex. 5.

*Rog No. 1* . Similarly, with respect to Rog No. 1, Mr. Morris only provides a partial response. Rog No. 1 requests identification of all persons who Mr. Morris believes have knowledge of the facts alleged in this action, along with a description of their factual

11

knowledge and how Mr. Morris became aware of such knowledge. In response, Mr. Morris identified a list of individuals that were either named in the Complaint or the other defendants' Initial Disclosures. He does not identify anyone else, including any other LSP trooper, nor does he describe the factual knowledge he *knows* each individual has and how he became aware of "such knowledge[,]" despite providing no specific objections to this Rog. *See Weems*, 2011 WL 3100554, at *1–2 (holding that a party's general objections were waived where it made "no attempt to show the application of each objection to the particular request"); *see also, e.g., Iraheta*, 2019 WL 13292761, at *2 ("A party objecting to discovery 'must state with specificity the objection and how it relates to the particular request being opposed.'").

Since Rog Nos. 1, 2, 3 and 7 seek relevant and narrowly-tailored information that could support Mr. Stewart's claims, overruling Mr. Morris's boilerplate and conclusory objections would be appropriate. *See Lawrence v. Rocktenn CP L.L.C.*, No. CV 16-821, 2017 WL 2951624, at *3 (W.D. La. Apr. 19, 2017) (granting in relevant part motion to compel and overruling plaintiff's objection that the request was overly broad because the document request was "narrowly tailored," "time and subject-matter limited," and "relevant" to the alleged claims); *see also Weems*, 2011 WL 3100554, at *1–2.

B.    **Mr. Morris must produce documents relating to the Incident underlying Mr. Stewart's claims (RFP Nos. 1 and 4).**

Mr. Morris did not produce any documents in response to Mr. Stewart's RFP Nos. 1 and 4, which seek audio and video recording (RFP No. 1) as wells as communications and

written records (RFP No. 4) relating to the Incident.[3] The requested recordings are relevant because they would serve as an unbiased, objective depiction of the events described in Mr. Stewart's Complaint, and thus provide crucial context for Mr. Stewart's claims (ideally, serving to quickly resolve the lawsuit). *See Lee*, 2024 WL 4005960, at *15 (finding plaintiffs' requests satisfied relevance requirement because the discovery sought to provide context for central issues in the case). Courts have ordered similar recordings to be produced. *See Olivarez v. GEO Grp.*, 844 F.3d 200, 204 (5th Cir. 2016) (finding that recordings with both substantive and impeachment value must be disclosed under Rule 26(a)(1)); *Williams v. Gunderson Rail Servs., LLC*, No. CIV. A. 07-0887, 2008 WL 145251, at *1 (W.D. La. Jan. 14, 2008) (compelling production of audio recordings); *Buschmann v. Little Rock Nat'l Airport*, 222 F.R.D. 114 (N.D. Tex. 2004) (holding that cockpit voice recorder audio from nonparty was relevant to defendant's contributory negligence defense).

Courts also routinely find communications and written records as sought by RFP No. 4 to be relevant. *See, e.g., Lee*, 2024 WL 4005960, at *14 (compelling production of "communications relating to Plaintiffs, the Incident, [and the arrests]" because such discovery satisfied the relevance requirement by providing context for central issues in the case); *Hunters Run*, 2019 WL 507479, at *5, *8 (compelling production of text messages that "could have bearing on Plaintiffs' claims"); *Chet Morrison Contractors, Inc. v. Medco Energi US LLC*, No. CV 08-1638, 2009 WL 10680200, at *3 (E.D. La. Aug. 17, 2009) (compelling

---

[3] Mr. Morris has yet to provide complete responses to these discovery requests, despite providing in his initial response to RFP No. 4 that he would "supplement[ ] upon receipt" (Exs. 3, 8) and stating during the meet and confer that he would supplement RFP No. 4. This is improper. *See Lawrence*, 2017 WL 2951624, at *2 (granting in relevant part motion to compel where party failed to produce documents after stating that he "would supplement his response . . . when it became available").

production of email communications); *Hinson v. Arbuckle*, No. 17-CV-00260, 2023 WL 1495402, at *9 (W.D. La. Jan. 17, 2023) ("certainly the incident reports, medical records, and the like for this particular incident are relevant"); *Tyner*, 105 F.R.D. at 565 ("There can be no question that the internal investigation report conducted with regard to the Plaintiff's arrest is highly relevant to the issues in this case.").

Mr. Morris's claim that he does not have documents and information requested by RFP Nos. 1 and 4 in his "possession and/or control" has no legal support. Possession, custody, or control encompasses the "legal right or practical ability to obtain the materials from a nonparty" or related party. *See Edwards v. City of Bossier City*, No. CV 15-1822, 2016 WL 3951216, at *3 (W.D. La. July 20, 2016) ("A party must 'make a reasonable search of all sources reasonably likely to contain responsive documents.' A party also is 'charged with knowledge of what its agents know or what is in records available to it.'"); *see also Estate of Monroe v. Bottle Rock Power Corp.*, No. 03–2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) ("The applicable test is whether the litigant has the ability to obtain the documents on request to a related party, either as a matter of law or as a matter of practical fact."). Further, an employee is typically in possession, custody, or control of the documents which are available to him through his work. *See First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. 15-CV-638, 2017 WL 2267149, at *3 (E.D. La. May 24, 2017) ("Because a corporation or other business entity may act only through the persons connected with it, possession, custody or control includes that exercised by the party's employees, agents and managers."); *see also Estate of Monroe*, 2004 WL 737463, at *10 ("Typically what must be shown is a relationship, either because of some affiliation, employment or statute, such that a party is able to

14

command release of certain documents by the non-party person or entity in actual possession."). Thus, Mr. Morris must conduct a reasonable search for responsive documents, for example by searching electronically-stored information ("ESI") in his work and personal devices and requesting documents from his employer, LSP, or other related entity. *Id.*; *see also Chet Morrison Contractors, Inc.*, 2009 WL 10680200, at *3 (ordering defendant to supplement its response by producing responsive ESI).

During the meet and confer, Mr. Morris's counsel was unable to specify steps that Mr. Morris had taken to determine that he had no responsive documents in his possession or control—including whether a search had been performed since his initial responses were served in 2022. Glickman Decl. ¶ 8. Instead, Mr. Morris's counsel stated that Mr. Morris does not have an obligation to track down any documents and refused to elaborate on what he believed such "possession" to entail, including whether Mr. Morris had searched his work computer. *Id.* Mr. Morris's subsequent "supplemental" responses to the RFPs only addressed RFP No. 4, in response to which Mr. Morris provided an even vaguer assertion that he "does not have *many* of the documents/information requested in its [sic] possession and/or under its [sic] control[.]" Ex. 8 (emphasis added). In other words, Mr. Morris acknowledged the existence of responsive documents but failed to produce them or explain on what basis he is withholding them. Shockingly, Mr. Morris's response to RFP No. 1 has remained the same since 2022—a single unsupported statement that Mr. Morris "does not have the documents/information in his possession and/or control." Ex. 1.

Since Mr. Morris was wearing a body-worn camera and had a dash camera installed on his police vehicle during the Incident,[4] Mr. Morris can access recordings requested by RFP No. 1 at least through his employer, LSP. *See Estate of Monroe*, 2004 WL 737463, at *10 ("Typically what must be shown is a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession."). Plaintiff is entitled to request that Defendant Morris conduct a reasonable search for responsive materials and to certify in writing if no such documents exist. *See Somerset Marine, Inc. v. Briese Schiffahrts GMBH & Co.*, No. CIV.A. 01-01881, 2002 WL 1933723, at *3 (E.D. La. Aug. 21, 2002)) ("If [Defendant] does not possess or cannot obtain the information necessary to fully respond to the request, its answer must include a detailed explanation of its efforts to obtain the information and the reasons its efforts were not successful."). The Court should overrule Mr. Morris's possession and control objection and order Mr. Morris to produce all responsive documents in his actual and constructive possession.

## II.     Mr. Morris must produce documents relating to his history of misconduct (RFP Nos. 3 and 5; Rog No. 9).

Mr. Morris has failed to provide complete responses to Mr. Stewart's RFPs and Rogs seeking documents and information concerning Mr. Morris's ongoing history of misconduct. Mr. Stewart sought information relating to LSP departmental investigations (RFP No. 3), as well as disciplinary actions (Rog No. 9), and claims against Mr. Morris (RFP No. 5).[5] Exs. 1–2. Mr. Morris should supplement his responses because documents and

---

[4] *See* Glickman Decl. ¶ 14, Ex. 10.

[5] Mr. Morris's counsel stated at the meet and confer that Mr. Morris would supplement his response to RFP No. 5, but Mr. Morris has yet to provide any such supplement.

information relating to a defendant's previous conduct contribute to that defendant's propensity to engage in similar misconduct in the future, as Mr. Stewart alleged in his Complaint. Thus these requests seek discoverable information.[6] *See, e.g.*, *Terral*, 2016 WL 5017328, at *3 (ordering production of documents relating to personnel files and "other instances of excessive force or failure to provide adequate medical care by any served defendant[s]"); *Wymore v. Nail*, No. 14-CV-3493, 2016 WL 1452437, at *2 (W.D. La. Apr. 13, 2016) ("Prior complaints made against the Defendants, whether substantiated or not, are discoverable in § 1983 civil rights actions so long as the complaints are similar to the constitutional violations alleged in the complaint or are relevant to the defendant's truth or veracity."); *Betzer v. Stephens*, No. CIV.A. 03-169, 2003 WL 22175993, at *2 (E.D. La. Sept. 19, 2003) (compelling production of complaints for civil rights violations, excessive force, or police brutality because they were relevant to plaintiff's § 1983 claim); *Major v. City of Baton Rouge/Par. of E. Baton Rouge*, No. CIV.A. 09-261, 2010 WL 1979431, at *2 (M.D. La. May 12, 2010) (holding that employment files were relevant to plaintiff's § 1983 claim).

In addition, there is a strong presumption against maintaining confidentiality over "records indicating official misconduct, abuse of power, or constitutional violations by [individual] Defendants . . . [, and] [s]uch documents should therefore be made available to

---

[6] Mr. Morris responded to Rog No. 9 with the conclusory statement "none relevant to the subject claims," without explaining whether and why documents are being withheld. Ex. 4. This is improper because Federal Rule of Civil Procedure 26(b) makes clear that the scope of discovery is broader than what is admissible. *See McLeod*, 894 F.2d at 1485 (finding objection of irrelevance insufficient to escape production); *see also Dixon v. Spurlin*, No. 18-CV-00133, 2020 WL 6707325, at *6 (W.D. La. Nov. 13 2020) (granting in relevant part motion to compel interrogatory responses and finding defendant's objections as to relevance and proportionality invalid where defendant failed to sufficiently explain the objections).

Plaintiff[ ] without restriction." *Gutierrez v. Benavides*, 292 F.R.D. 401, 405 (S.D. Tex. 2013) (internal citation omitted). Since these discovery requests seek relevant information, Mr. Morris must supplement his corresponding responses to include documents and information regarding any LSP departmental investigations, claims, and disciplinary actions against Mr. Morris that existed at the time of his initial responses in 2022, as well as any additional that were brought following his initial responses.

Mr. Morris's claim that he does not have documents and information requested by RFP Nos. 3[7] and 5[8] (documents concerning claims made against Mr. Morris) in his "possession and/or control" has no legal support. As with RFP Nos. 1 and 4, Mr. Morris's claim is unfounded and misguided because, at a minimum, he has access to these documents through his employer. *See Edwards*, 2016 WL 3951216, at *3 ("A party must 'make a reasonable search of all sources reasonably likely to contain responsive documents.'" (citations omitted)); *see also Estate of Monroe*, 2004 WL 737463, at *10 ("The applicable test is whether the litigant has the ability to obtain the documents on request to a related party, either as a matter of law or as a matter of practical fact."). Mr. Morris has failed to produce responsive documents in his actual and constructive possession as required by Rule 34, including ESI and documents accessible through other parties. *See id.*; *see also, e.g., First Am. Bankcard, Inc*, 2017 WL 2267149, at *3; *Chet Morrison Contractors, Inc.*,

---

[7] RFP No. 3 seeks documents concerning LSP departmental investigations concerning Mr. Morris initiated within the past 10 years.

[8] RFP No. 5 seeks documents concerning claims made against Mr. Morris for excessive force and failure to intervene in use of excessive force; deliberate indifference to medical needs; battery; assault; intentional infliction of emotional distress; unreasonable seizure concerning a traffic stop; illegal search; or other tortious or wrongful conduct, including any claims alleging a violation of 42 U.S.C. § 1983 or any other federal or state civil rights statute or a violation of the U.S. or Louisiana Constitutions.

2009 WL 10680200, at *3 (ordering defendant to supplement its response by producing responsive ESI).

At the very least, Mr. Morris must conduct a reasonable search for and supplement his response to RFP No. 5. That response should include documents regarding the *Morgan Blake* case that Mr. Stewart identified in his Complaint and that Mr. Morris identified in response to Rog No. 8. *See* Ex. 4. To the extent Mr. Morris conducts a reasonable investigation and still cannot access other responsive documents to RFP Nos. 3 and 5, Mr. Morris must supplement his responses to explain in detail what steps he took to conduct his searches, including searching his emails, internal work webpages, and databases. *See Somerset Marine, Inc.*, 2002 WL 1933723, at *3 ("If [Defendant] does not possess or cannot obtain the information necessary to fully respond to the request, its answer must include a detailed explanation of its efforts to obtain the information and the reasons its efforts were not successful.").

In Mr. Stewart's deficiency letter to Mr. Morris, he requested "what Mr. Morris did to determine that he has nothing in his possession, custody, or control[;]" Mr. Morris failed to provide a response, including during the meet and confer on November 25, 2024 when counsel for Mr. Stewart asked specifically whether a search had been performed since Mr. Morris served his initial responses in 2022. Glickman Decl. ¶¶ 7–8, Ex. 5.

Mr. Morris's supplemental responses did not address RFP Nos. 3 or 5. For nearly three years now, Mr. Morris's response has been that he "does not have the documents/information in his possession and/or control." *See* Ex. 8. Mr. Morris should produce all responsive documents in his actual and constructive possession. *See First Am.*

19

*Bankard, Inc.*, 2017 WL 2267149, at *2 ("[A] party's obligation to produce materials in the Rule 34 production and inspection process extends beyond mere possession."); *see also Duarte v. St. Paul Fire & Marine Ins.*,   No. 14-CV-305, 2015 WL 7709433, at *5 (W.D. Tex.  Sept. 25, 2015) ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action. Moreover, [a] party must make a reasonable search of all sources reasonably likely to contain responsive documents. The term 'all sources' includes plaintiff's attorney, expert, insurance company, accountant, spouse, agent, etc." (citations omitted)).

Additionally, Mr. Morris's objections regarding overbreadth and burden to RFP No. 5 and Rog No. 9[9] fall flat. Mr. Morris objects to RFP No. 5 and Rog No. 9 as "overly broad and [unduly / needlessly] burdensome." Exs. 3–4. RFP No. 5 and Rog No. 9 seek relevant and narrowly-tailored information about Mr. Morris's misconduct as a law enforcement officer, including for the same claims that Mr. Stewart brings against Mr. Morris in this case. *See Hume v. Consol. Grain & Barge, Inc.*, No. CV 15-935, 2016 WL 7385699, at *4 (E.D. La. Dec. 21, 2016) (recognizing that those objecting to discovery requests must set forth a "particular and specific demonstration of fact that . . . show[s] that the [discovery request] imposes undue burden and expense that outweigh[s] its likely benefit to the case"); *see also, e.g.*, *Terral*, 2016 WL 5017328, at *2, *4 n.5 (finding an unsupported statement that responding to a request would be time-consuming was insufficient to show undue burden); *Iraheta*, 2019 WL 13292761, at *3 (finding defendants' failure to detail the

---

[9] Rog No. 9 seeks disciplinary actions that were taken against Mr. Morris by the LSP or any other policing entity, including the reasons for the disciplinary action any consequences that stemmed from it.

allegedly burdensome processes involved in compiling the requested information deficient to establish undue burden).

Thus, Mr. Morris's objections should be overruled. *See Lawrence*, 2017 WL 2951624, at *3 (granting in relevant part motion to compel and overruling plaintiff's objection that the request was overly broad because the document request was "narrowly tailored," "time and subject-matter limited," and "relevant" to the alleged claims); *see also Weems*, 2011 WL 3100554, at *1–2 (finding "general objections waived" and "declin[ing] to consider them as objections at all").

*       *       *

Mr. Morris should not be allowed to evade his discovery obligations by repeatedly delaying and providing boilerplate responses. As demonstrated above, (1) the requested documents and information are relevant to Mr. Stewart's case, and (2) Mr. Morris's objections are both impermissible and conclusory.

## CONCLUSION

For the reasons above, Mr. Stewart respectfully requests that the Court overrule Mr. Morris's objections to RFP Nos. 1 and 3-5 and Rog Nos. 1-3, 7, and 9, and compel Mr. Morris to provide complete responses to Mr. Stewart's discovery requests, as set forth below.

| Request No. | Requested relief |
|---|---|
| RFP No. 1 | Order Defendant to produce any audio and video recordings relating to the Incident, and indicate steps taken to obtain such recordings |
| RFP No. 3 | Order Defendant to produce documents concerning LSP departmental investigations against Mr. Morris in the past decade, |

| | and if none exist, advise what Mr. Morris did to determine that he has nothing in his possession, custody, or control |
|---|---|
| RFP No. 4 | Order Defendant to produce communications (*e.g.*, text messages, chats, etc.) and written records (*e.g.*, memo books, line of injury reports, etc.) concerning Mr. Stewart and the Incident |
| RFP No. 5 | Order Defendant to produce Documents concerning claims made against Mr. Morris for the same types of claims pursued in Mr. Stewart's Complaint (excessive force and failure to intervene in use of excessive force; deliberate indifference to medical needs; battery; assault; and intentional infliction of emotional distress), or other federal or Louisiana state civil rights violations |
| Rog No. 1 | Order Defendant to provide a complete description of the knowledge of the individuals that Mr. Morris believes to have knowledge about the facts alleged in the Complaint and how he became aware those individuals have such knowledge |
| Rog Nos. 2, 3, and 7 | Order Defendant to identify all persons who were at the scene of the Incident (including their full name, last-known address and telephone number, and employer or business affiliation, consistent with the definition of "identify" in the Interrogatories); a description of their roles and actions taken during the Incident; and a description of Mr. Morris's actions during the Incident, the reasons for such actions, and whether anyone else was involved in such actions |
| Rog No. 9 | Order Defendant to identify all disciplinary actions taken against Mr. Morris—including the employer, the date of the disciplinary action, the reason for the disciplinary action, and the consequences to Mr. Morris's employment stemming from the disciplinary action—as well as any documents concerning such disciplinary action |

Dated: February 20, 2025

Respectfully submitted,

By: *s/Charles Andrew Perry*
Charles Andrew Perry (SBN LA 40906)
aperry@laaclu.org
Nora S. Ahmed* (SBN NY 5092374)
nahmed@laaclu.org
**ACLU FOUNDATION OF LOUISIANA**
1340 Poydras Street, Suite 2160
New Orleans, LA 70112
(t) (504) 522-0628

David Pekarek Krohn* (SBN WI 1092062)
DPekarekKrohn@perkinscoie.com
**PERKINS COIE LLP**
33 East Main Street, Suite 201
Madison, WI 53703

(t) (608) 663-7460

Hayden M. Schottlaender* (SBN TX 24098391)
HSchottlaender@perkinscoie.com
Emma Roberts* (SBN TX 24126601)
EmmaRoberts@perkinscoie.com
**PERKINS COIE LLP**
500 N. Akard Street, Suite 3300
Dallas, TX 75201
(t) (214) 965-7724

Abby L. Bloetscher* (SBN CA 312759)
ABloetscher@perkinscoie.com
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105
(t) (415) 344-7040

*s/Ariel B. Glickman*
Ariel B. Glickman* (SBN DC 1048666)
AGlickman@perkinscoie.com
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, DC 20005
(t) (202) 654-6200

Moeka Takagi* (SBN CA 333226)
MTakagi@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA 94304
(t) (650) 838-4494

Krista Dolan* (SBN FL 1012147)
Krista.dolan@splcenter.org
**SOUTHERN POVERTY LAW CENTER**
PO Box 10788
Tallahassee, FL 32302
(t) (850) 688-3908

Latasha McCrary* (ASB 1935-L75M)
Latasha.Mccrary@splcenter.org
**SOUTHERN POVERTY LAW CENTER**
400 Washington Street
Montgomery, AL 36104
(t) 334-604-5018

*Admitted *Pro Hac Vice*

***Counsel for Glen Stewart***

**LOCAL RULES 7.4.1 AND 37.1 CERTIFICATION**

I hereby certify that the parties held a meet and confer by telephone on November 25, 2024 regarding the issues raised in this motion. Plaintiff respectfully requests that the Court compel Mr. Morris's compliance with Plaintiff's discovery requests because Defendant has yet to provide complete responses to the discovery requests addressed in this motion, despite a letter and phone call outlining the deficiencies in Mr. Morris's responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents.

*s/Ariel B. Glickman*
Ariel B. Glickman


**CERTIFICATE OF SERVICE**

The foregoing pleading has been served on all counsel of record through the Court's CM/ECF filing system on February 20, 2025.

*s/Ariel B. Glickman*
Ariel B. Glickman