# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **GLEN STEWART** | **CIVIL ACTION NO. 3:21-CV-03789** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CALEB LOFTIN, JUSTIN MORRIS,** | **MAG. JUDGE KAYLE McCLUSKY** |
| **DOE OFFICER 1-5, LAMAR DAVIS** | |
| **IN HIS OFFICIAL CAPACITY AS** | |
| **THE SUPERINTENDENT OF THE** | |
| **LOUISIANA STATE POLICE,** | |
| **GARY GILLEY IN HIS OFFICIAL** | |
| **CAPACITY AS SHERIFF OF THE** | |
| **RICHLAND PARISH SHERIFF'S** | |
| **OFFICE, AND** | |
| **DOE INSURANCE COMPANY 1-10** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## SHERIFF NEAL HARWELL'S AFFIRMATIVE DEFENSES, ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Defendant, SHERIFF NEAL HARWELL ("Sheriff Harwell" and/or "Defendant"), who respectfully submits the following Answer and Affirmative Defenses in response to the allegations contained in the *Second Amended Complaint*, filed by Glen Stewart, Plaintiff herein.[1] Defendant denies each and every allegation contained in therein, except those which are hereinafter expressly admitted, and further represents that:

---

[1] As previously noted by this Court, former Sheriff Gary Gilley passed away in December 2024. Per Fed. R. Civ. P. 25(d), Sheriff Harwell was automatically substituted as a defendant in the place of former Sheriff Gilley at the moment of his death. On March 7, 2025, this Court dismissed Plaintiff's *Monell* and Louisiana Public Records Act claims against Sheriff Gilley, leaving only a claim for vicarious liability under Louisiana state law in his official capacity as Sheriff of Richland Parish. This served to dismiss any such claims against Sheriff Harwell, as well.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

The sole and only cause and proximate cause of any damage to Plaintiff was his own actions and/or omissions or the actions and/or omissions of others over whom Defendant had no control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's suit is barred, in whole or in part, by the applicable statute of limitations or prescriptive period.

### FOURTH AFFIRMATIVE DEFENSE

Defendant denies that any state or federal violations occurred in the instant case.

### FIFTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff is entitled to any relief under federal or state law.

### SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively denies that Plaintiff sustained any damages as a result of any alleged unlawful action by Defendant or any employee of Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

As a political subdivision of the State of Louisiana, Defendant is entitled to and hereby pleads the statutory limitation of liability, costs, and interest contained in LSA-R.S. 13:5106 and LSA-R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability, costs, and/or interest available to Defendant under the law.

**EIGHTH AFFIRMATIVE DEFENSE**

Alternatively, in the event the actions of Defendant or his employees are found to have been the proximate cause of any injury to Plaintiff, which is at all times denied, such actions were accidental and/or inadvertent, without malice or intent to deprive Plaintiff of his civil rights or any rights afforded under federal or state law.

**NINTH AFFIRMATIVE DEFENSE**

Defendant avers that none of his actions or the actions of any of his employees deprived Plaintiff of any rights secured by the United States Constitution.

**TENTH AFFIRMATIVE DEFENSE**

The Defendant further pleads comparative negligence, consent and/or other acts constituting fault or consent on the part of Plaintiff which may bar recovery herein, or alternatively, act as a diminution to any damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

 Defendant herein pleads that, to the extent that any acts or omissions of the Defendant or his employees are found to be a cause of the Plaintiff's damages, which is denied, that all such acts or omissions constitute policy-making or discretionary acts, which said acts were in the course and scope of Defendant's lawful powers and duties and, as such, he is immune from tort liability under Louisiana law, including but not limited to LSA- R.S. 9:2798.1 and 9:2793.11.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant also reserves the right to assert any and all additional applicable immunities available under law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant also reserves the right to assert further affirmative defenses as they become evident through discovery or further investigation.

AND NOW, further answering the specific allegations enumerated in Plaintiff's *Second Amended Complaint*, Defendant denies each and every allegation except as expressly admitted below:

1.

Defendant denies the allegations contained in Paragraph 1 of the Complaint for lack of sufficient information upon which to justify a belief therein.

2.

Defendant denies the allegations contained in Paragraph 2 of the Complaint which pertain to Loftin and Sheriff Gary. Gilley.  All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

3.

Defendant denies the allegations contained in Paragraph 3 of the Complaint which pertain to Loftin.  All other allegations are denied for lack of sufficient information to justify a belief therein.

4.

Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.

Defendant denies the allegations contained in Paragraph 5 of the Complaint for lack of sufficient information upon which to justify a belief therein.

6.

Defendant denies the allegations contained in Paragraph 6 of the Complaint for lack of sufficient information upon which to justify a belief therein.

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of the Complaint for lack of sufficient information upon which to justify a belief therein.

9.

Defendant denies the allegations contained in Paragraph 9 of the Complaint which pertain to Caleb Loftin.  All other allegations are denied for lack of sufficient information to justify a belief therein.

10.

Defendant denies the allegations contained in Paragraph 10 of the Complaint for lack of sufficient information upon which to justify a belief therein.

11.

Defendant denies the allegations contained in Paragraph 11 of the Complaint pertaining to Sheriff Gary Gilley, and notes Plaintiff is citing to unsubstantiated allegations that are part of an ongoing lawsuit. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

12.

Defendant denies the allegations contained in Paragraph 12 of the Complaint pertaining to Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

13.

Defendant denies the allegations contained in Paragraph 13 of the Complaint pertaining to Caleb Loftin.  All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

14.

Defendant denies the allegations contained in Paragraph 14 of the Complaint for lack of sufficient information upon which to justify a belief therein and notes Plaintiff has not asserted a valid claim under the Eighth Amendment to the United States Constitution.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint for lack of sufficient information upon which to justify a belief therein.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint for lack of sufficient information upon which to justify a belief therein.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint for lack of sufficient information upon which to justify a belief therein.

18.

Defendant denies the allegations contained in Paragraph 18 of the Complaint for lack of sufficient information upon which to justify a belief therein.

19.

Defendant denies the allegations contained in Paragraph 19 of the Complaint for lack of sufficient information upon which to justify a belief therein.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint for lack of sufficient information upon which to justify a belief therein.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint to the extent they apply to Caleb Loftin or Sheriff Neal Harwell.  All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Complaint do not require a response from this Defendant.

24.

The allegations contained in Paragraph 24 do not appear to require a response from this Defendant but are denied to the extent Plaintiff alleges either Caleb Loftin or Sheriff Neal Harwell subjected Plaintiff to any unconstitutional or tortious acts.

25.

Defendant denies the allegations contained in Paragraph 25 for lack of sufficient information upon which to justify a belief therein.

26.

Defendant denies the allegations contained in Paragraph 26 for lack of sufficient information upon which to justify a belief therein.

27.

Defendant denies the allegations contained in Paragraph 27 of the Complaint for lack of sufficient information upon which to justify a belief therein.

28.

Defendant denies the allegations contained in Paragraph 28 of the Complaint for lack of sufficient information to justify a belief therein.

29.

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint for lack of sufficient information upon which to justify a belief therein.

31.

Defendant denies the allegations contained in Paragraph 31 of the Complaint for lack of sufficient information to justify a belief therein.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint for lack of sufficient information to justify a belief therein.

33.

Defendant denies the allegations contained in Paragraph 33 of the Complaint for lack of sufficient information upon which to justify a belief therein.

34.

Defendant denies the allegations in Paragraph 34 of the Complaint for lack of sufficient information to justify a belief therein.

35.

Defendant denies the allegations contained in Paragraph 35 of the Complaint for lack of sufficient information to justify a belief therein.

36.

Defendant denies the allegations contained in Paragraph 36 of the Complaint for lack of sufficient information upon which to justify a belief therein.

37.

Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of the Complaint to the extent
Plaintiff alleges he was subjected to an assault or battery.  All other allegations are denied for lack
of sufficient information to justify a belief therein.

39.

Defendant denies the allegations contained in Paragraph 39 of the Complaint for lack of
sufficient information upon which to justify a belief therein.

40.

Defendant denies the allegations contained in Paragraph 40 of the Complaint for lack of
sufficient information upon which to justify a belief therein.

41.

Defendant denies the allegations contained in Paragraph 41 of the Complaint for lack of
sufficient information upon which to justify a belief therein.

42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint for lack of
sufficient information to justify a belief therein.

43.

Defendant denies the allegations contained in Paragraph 43 of the Complaint for lack of
sufficient information to justify a belief therein.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint for lack of
sufficient information to justify a belief therein.

45.

Defendant denies the allegations contained in Paragraph 45 of the Complaint for lack of sufficient information to justify a belief therein.

46.

Defendant denies the allegations contained in Paragraph 46 of the Complaint for lack of sufficient information to justify a belief therein.

47.

Defendant denies the allegations contained in Paragraph 47 of the Complaint for lack of sufficient information to justify a belief therein.

48.

Defendant denies the allegations contained in Paragraph 48 of the Complaint for lack of sufficient information upon which to justify a belief therein.

49.

Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.

Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of the Complaint for lack of sufficient information upon which to justify a belief therein.

52.

Defendant denies the allegations contained in Paragraph 52 of the Complaint for lack of sufficient information upon which to justify a belief therein.

53.

Defendant denies the allegations contained in Paragraph 53 of the Complaint for lack of sufficient information upon which to justify a belief therein.

54.

Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.

Defendant denies the allegations contained in Paragraph 55 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin or Sheriff Neal Harwell. All other allegations are denied for lack of sufficient information to justify a belief therein.

56.

Defendant denies the allegations contained in Paragraph 56 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin or Sheriff Neal Harwell. All other allegations are denied for lack of sufficient information to justify a belief therein.

57.

Defendant denies the allegations contained in Paragraph 57 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin or Sheriff Neal Harwell. All other allegations are denied for lack of sufficient information to justify a belief therein.

58.

Defendant denies the allegations contained in Paragraph 58 of the Complaint for lack of sufficient information to justify a belief therein.

59.

Defendant denies the allegations contained in Paragraph 59 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin or Sheriff Neal Harwell.  All other allegations are denied for lack of sufficient information to justify a belief therein.

60.

Defendant denies the allegations contained in Paragraph 60 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin or Sheriff Neal Harwell.  All other allegations are denied for lack of sufficient information to justify a belief therein.

61.

Defendant denies the allegations contained in Paragraph 61 of the Complaint and notes that Plaintiff's claim arising under the Louisiana Public Records Act has been dismissed.

62.

Defendant denies the allegations contained in Paragraph 62 of the Complaint and notes that Plaintiff's claim arising under the Louisiana Public Records Act has been dismissed.

63.

Defendant denies the allegations contained in Paragraph 63 of the Complaint and notes that Plaintiff's claim arising under the Louisiana Public Records Act has been dismissed.

64.

Defendant reavers all prior denials and defenses, as if pled *in extenso* herein.

65.

Defendant denies the allegations contained in Paragraph 65 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin.  All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

66.

Defendant denies the allegations contained in Paragraph 66 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin.  All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

67.

Defendant denies the allegations contained in Paragraph 67 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

68.

Defendant denies the allegations contained in Paragraph 68 for lack of sufficient information upon which to justify a belief therein.

69.

Defendant reavers all prior denials and defenses, as if pled *in extenso* herein.

70.

Defendant denies the allegations contained in Paragraph 70 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

71.

Defendant denies the allegations contained in Paragraph 71 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

72.

Defendant denies the allegations contained in Paragraph 72 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

73.

Defendant denies the allegations contained in Paragraph 73 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

74.

Defendant denies the allegations contained in Paragraph 74 of the Complaint for lack of sufficient information to justify a belief therein.

75.

Defendant reavers all prior denials and defenses, as if pled *in extenso* herein.

76.

Defendant denies the allegations contained in Paragraph 76 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

77.

Defendant denies the allegations contained in Paragraph 77 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

78.

Defendant denies the allegations contained in Paragraph 78 of the Complaint to the extent
they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack
of sufficient information upon which to justify a belief therein.

79.

Defendant denies the allegations contained in Paragraph 79 of the Complaint to the extent
they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack
of sufficient information upon which to justify a belief therein.

80.

Defendant denies the allegations contained in Paragraph 80 of the Complaint for lack of
sufficient information to justify a belief therein.

81.

Defendant reavers all prior denials and defenses, as if pled *in extenso* herein.

82.

Defendant denies the allegations contained in Paragraph 82 of the Complaint to the extent
they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack
of sufficient information upon which to justify a belief therein.

83.

Defendant denies the allegations contained in Paragraph 83 of the Complaint to the extent
they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack
of sufficient information upon which to justify a belief therein.

84.

Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.

Defendant denies the allegations contained in Paragraph 85 of the Complaint for lack of sufficient information to justify a belief therein.

86.

Defendant reavers all prior denials and defenses, as if pled *in extenso* herein.

87.

Defendant denies the allegations contained in Paragraph 87 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

88.

Defendant denies the allegations contained in Paragraph 88 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

89.

Defendant denies the allegations contained in Paragraph 89 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

90.

Defendant denies the allegations contained in Paragraph 90 of the Complaint for lack of sufficient information to justify a belief therein.

91.

Defendant denies the allegations contained in Paragraph 91 of the Complaint for lack of sufficient information to justify a belief therein.

92.

Defendant re-avers all prior defenses and denials as if pled more fully herein, *in extenso.*

93.

Defendant denies the allegations contained in Paragraph 93 of the Complaint to the extent they suggest and wrongdoing on the part of Caleb Loftin. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

94.

Defendant denies the allegations contained in Paragraph 94 of the Complaint to the extent they suggest wrongdoing on Caleb Loftin's part. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

95.

Defendant denies the allegations contained in Paragraph 95 of the Complaint to the extent they suggest wrongdoing on Caleb Loftin's part. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

96.

Defendant denies the allegations contained in Paragraph 96 of the Complaint to the extent they suggest wrongdoing on Caleb Loftin's part. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

97.

Defendant denies the allegations contained in Paragraph 97 of the Complaint to the extent they suggest wrongdoing on Caleb Loftin's part. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

98.

Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.

Defendant denies the allegations contained in Paragraph 99 of the Complaint for lack of sufficient information to justify a belief therein.

100.

Defendant re-avers all prior defenses and denials as if pled more fully herein, *in extenso.*

101.

Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.

Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.

Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.

Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.

Defendant denies the allegations contained in Paragraph 105 of the Complaint to the extent they suggest and wrongdoing on the part of employees of RPSO or the Sheriff.   All other allegations are denied for lack of sufficient information to justify a belief therein.

106.

Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.

Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.

Defendant denies the allegations contained in Paragraph 108 of the Complaint to the extent they suggest wrongdoing on his part or on the part of Caleb Loftin or Sheriff Harwell. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

109.

Defendant denies the allegations contained in Paragraph 109 of the Complaint for lack of sufficient information to justify a belief therein.

110.

Defendant re-avers all prior defenses and denials as if pled more fully herein, *in extenso.*

111.

Defendant denies the allegations contained in Paragraph 111 of the Complaint to the extent they suggest wrongdoing on Caleb Loftin's part. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

112.

Defendant denies the allegations contained in Paragraph 112 of the Complaint to the extent they suggest wrongdoing on Caleb Loftin's part. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

113.

Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.

Defendant denies the allegations contained in Paragraph 114 of the Complaint to the extent they suggest wrongdoing on Caleb Loftin's part or on the part of Sheriff Harwell. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

115.

Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.

Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.

Defendant denies the allegations contained in Paragraph 117 of the Complaint for lack of sufficient information upon which to justify a belief therein.

118.

Defendant re-avers all prior defenses and denials as if pled more fully herein, *in extenso.*

119.

Defendant denies the allegations contained in Paragraph 119 of the Complaint to the extent they suggest wrongdoing on Caleb Loftin's part. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

120.

Defendant denies the allegations contained in Paragraph 120 of the Complaint to the extent they suggest wrongdoing on Caleb Loftin's part. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

121.

Defendant denies the allegations contained in Paragraph 121 of the Complaint for lack of sufficient information upon which to justify a belief therein.

122.

Defendant denies the allegations contained in Paragraph 122 of the Complaint for lack of sufficient information upon which to justify a belief therein.

123.

Defendant denies the allegations contained in Paragraph 123 of the Complaint for lack of sufficient information upon which to justify a belief therein.

124.

Defendant denies the allegations contained in Paragraph 124 of the Complaint for lack of sufficient information upon which to justify a belief therein.

125.

Defendant re-avers all prior defenses and denials as if pled more fully herein, *in extenso*.

126.

Defendant admits Caleb Loftin participated in a traffic stop involving Plaintiff. All other allegations contained in Paragraph 126 of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

127.

Defendant denies the allegations contained in Paragraph 127 of the Complaint to the extent they suggest wrongdoing on Caleb Loftin's part. All other allegations are denied for lack of sufficient information upon which to justify a belief therein.

128.

Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.

Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.

Defendant denies the allegations contained in Paragraph 130 of the Complaint for lack of sufficient information to justify a belief therein.

131.

Defendant re-avers all prior defenses and denials as if pled more fully herein, *in extenso*.

132.

Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.

Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.

Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.

Any misnumbered paragraphs or unanswered allegations are denied for lack of sufficient information to justify a belief therein.

136.

Any paragraphs beginning with the word "WHEREFORE…" are denied for lack of sufficient information to justify a belief therein.

137.

The allegations contained in the Prayer for Relief likely do not require a response from this Defendant but are denied for lack of sufficient information to justify a belief therein out of an abundance of caution.

138.

Defendant respectfully requests that at the conclusion of these proceedings he be awarded attorneys' fees in accordance with the provisions of 42 U.S.C. § 1988, in addition to the award of any costs or expenses incurred in connection with these proceedings.

**JURY DEMAND**

Defendant demands that this matter be tried before a jury as to all claims against all parties.

**PRAYER FOR RELIEF**

Plaintiff's prayer for relief does not appear to require a response but is denied out of an abundance of caution.

WHEREFORE, the premises considered, Defendant submits this answer should be deemed good and sufficient, that these defenses be maintained, and that after all due proceedings be had, there be judgment rendered herein in Defendant's favor and against Plaintiff, dismissing the entirety of Plaintiff's *Second Amended Complaint*, with prejudice, at Plaintiff's sole cost.

Respectfully submitted,

**FROSCH RODRIGUE ARCURI, LLC**

*/s/ Jason P. Wixom*
Craig Frosch (LSBN 19580)
Blake J. Arcuri (LSBN 32322)
Laura C. Rodrigue (LSBN 30428)
Jason P. Wixom (LSBN 32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
(504) 592-4600 / Fax (504) 592-4641
E-Mail:cfrosch@fralawfirm.com
           barcuri@fralawfirm.com
           lrodrigue@fralawfirm.com
           jwixom@fralawfirm.com
*Counsel for Caleb Loftin and Sheriff Neal Harwell*

## CERTIFICATE OF SERVICE

I certify that on the 12th day of June, 2023, I have filed this pleading with the CM/ECF system and have served any non-participants by U.S. Mail.

*/s/ Jason P. Wixom*